UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO SONES, SR.

    Petitioner,

v

THOMAS K. BELL,

    Respondent.
_____/

Case No. 1:07-cv-552

HON. JANET T. NEFF

# OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a 35-page Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. Petitioner also filed a Motion for an Evidentiary Hearing (Dkt 27). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner argues that the Magistrate Judge erred as to several matters addressed in the R & R. In his first objection, Petitioner argues that the Magistrate Judge was incorrect in his determination that Petitioner is not entitled to an evidentiary hearing for the purpose of developing his claims regarding the failure of his trial counsel to call a potential alibi witness (Dkt 26 at 1-2).

In support of this position, Petitioner also filed a Motion for an Evidentiary Hearing (Dkt 27) that was accompanied by a brief (Dkt 28) and his own unnotarized "affidavit" (Dkt 29). Petitioner argues that because he was diligent in seeking a hearing on that issue in the state court collateral review of his conviction, the requirements of § 2254(e)(2) do not apply to him, and he should, therefore, be allowed an evidentiary hearing on this matter (Dkt 26 at 1-2). These arguments, however, are without merit.

The Magistrate Judge correctly found that Petitioner was not diligent in raising the issue of his trial counsel's failure to call an alibi witness (Dkt 25 at 21). At a minimum, to show that he is entitled to an evidentiary hearing, a Petitioner must show that he "made a reasonable attempt, in light of the information available at the time, to investigate and pursue [his] claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). On direct appeal from his conviction, Petitioner made a strategic decision, through his appellate counsel, not to raise the issue of the failure of trial counsel to call the alibi witness (*see* Dkt 25 at 13). By failing to pursue the claim at that time, Petitioner failed to show the necessary diligence "at the relevant stages in the state proceedings" to obtain an evidentiary hearing before this Court.[1] *See Williams*, 528 U.S. at 437-40. Moreover, with respect to Petitioner's claim that he "clearly asked for an evidentiary hearing" in his motion for relief from

---

[1]To the extent that Petitioner argues that he cannot be held responsible for his appellate counsel's failure to pursue his ineffective assistance of trial counsel claim because that counsel was allegedly ineffective as well, his argument is without merit. In his collateral state court proceedings, the court found that Petitioner's appellate counsel had not been ineffective in his alleged failure to raise certain issues (which are the same issues raised in this proceeding) on direct appeal in Petitioner's original proceedings (Dkt 20, Op. & Or., Ex. A). This finding was later upheld by the Michigan Court of Appeals (*see id.* at 1). Generally, findings of ineffective assistance of counsel by state courts are not lightly set aside and are only overturned if they are made as the result of an unreasonable application of Supreme Court precedent, as is provided by § 2254(d)(1). *See Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003). The Court finds no such circumstances here.

his state court judgment, the record shows Petitioner only generically requested that the state court "[o]rder such evidentiary hearings and oral arguments as are necessary to a resolution of [the eight] issues" raised, not that he diligently pursued a hearing on the issue of counsel's failure to investigate the existence of his alibi witness, Donna Sones (Dkt 26 at 1; Dkt 20, Def. Mot. Relief J. at 40).

Furthermore, an evidentiary hearing is not appropriate in this case because the Petitioner does not provide any evidence tending to prove that there is a genuine issue of material fact that needs to be resolved. A court is not required to hold an evidentiary hearing where a Petitioner provides only "bald assertions and conclusory allegations" to support his claim. *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (quotations omitted). Here, Petitioner provides only his allegations that an alibi witness would be willing to testify on his behalf (*See* Dkts 27-29). He does not provide any declaration or affidavit from the witness. This Court has no obligation to conduct an evidentiary hearing to develop a claim that is supported by nothing more than Petitioner's own bare assertions. Therefore, this Court denies Petitioner's request for an evidentiary hearing.

In his second objection, Petitioner claims that the Magistrate Judge failed to consider whether the trial court properly applied the sentencing guidelines to his case[2] (Dkt 26 at 2). He claims that a properly scored set of guidelines would have allowed him a significantly shorter minimum sentence (*id.*). This argument is without merit. The Magistrate Judge properly recognized that this Court typically will not review sentences that are within the limits prescribed by a state legislature (Dkt 25 at 24) (citing *Hutto v. Davis*, 454 U.S. 370, 373-74 (1982)).

---

[2]Petitioner also asserts error in the conclusion that his "disproportionate sentencing" argument was not cognizable. However, the Magistrate Judge merely concluded that the argument of disproportionality pursuant to *People v. Milbourn,* 461 N.W.2d 1 (Mich. 1990), which was decided under state law, was not cognizable (Dkt 25 at 3). In any event, the Magistrate Judge subsequently addressed this argument (*id.* at 25); thus, Petitioner's point is moot.

Here, Petitioner argues only that the term of his sentence was longer than the *minimum* sentence that the guidelines would have prescribed if they had been properly calculated (Dkt 26 at 2). However, as the Magistrate Judge correctly reasoned, merely because a sentence is outside the minimum range does not render it unconstitutional (Dkt 25 at 25). *See Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Petitioner indicates that even if the sentence was within the state's statutory maximum, the Magistrate Judge still should have set it aside because it was so disproportionate (Dkt 26 at 2). This argument is without merit. The Magistrate Judge correctly concluded that there is nothing on the record to indicate that the sentence was sufficiently egregious to amount to a denial of due process or so disproportionate as to be arbitrary or shocking. Therefore, Petitioner's second objection is denied.

In his third objection, Petitioner restates his ineffective assistance of counsel claim. He argues that the Magistrate Judge failed to consider the fact that Petitioner's trial counsel did not properly calculate certain portions of his sentencing guidelines, and in the portions of the scoring guidelines that his counsel did object to, counsel did not argue the correct issues (Dkt 26 at 3). This objection is without merit. The Magistrate Judge properly noted that Petitioner's trial counsel vigorously argued on his behalf during sentencing (Dkt 25 at 26). The fact that trial counsel may have failed to advance some of the arguments that Petitioner now raises after the fact, does not place his counsel's conduct "outside the wide range of professionally competent assistance." *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). This objection is without merit.

In his fourth objection, Petitioner argues that in determining that there was sufficient evidence to convict him, the Magistrate Judge improperly applied the standard announced in

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This argument is without merit. The Magistrate Judge correctly concluded that the fact that Petitioner was identified by two eyewitnesses and an in-store video camera is more than adequate evidence to support the jury's verdict (Dkt 25 at 28). As the Magistrate Judge noted, contrary to Petitioner's suggestion, this Court may not second guess the judgment of a jury as the trier of fact (*id.* at 28) (citing *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993)). Therefore, Petitioner's fourth objection is denied.

Petitioner's fifth objection essentially combines several separate objections that challenge the Magistrate Judge's holding as to the admissibility of the testimony of an eyewitness, Ms. Carter, at Petitioner's trial (Dkt 26 at 4-8). Petitioner argues that Ms. Carter's testimony should not have been admitted because her identification of Petitioner was the result of suggestive influence by the police that made the identification unreliable (*id.* at 5). Petitioner first argues that the preliminary examination was suggestive because a preliminary examination is a highly suggestive confrontation by its very nature (*id.*). However, as the Magistrate Judge pointed out, in this instance, the preliminary examination took place after the witness had already identified Petitioner in the line-up, and it did not rise to the level of a pre-identification encounter that would have likely biased the witness (Dkt 25 at 30-31). *See Thigpen v. Cory*, 804 F.2d 893, 895 (6th Cir. 1986) (stating that a pretrial line-up violates due process only where it creates a substantial likelihood of irreparable misidentification). As such, this argument is without merit.

Petitioner further argues that the line-up was an unduly suggestive procedure as well (Dkt 26 at 5). However, the minor differences between the Petitioner and the others in the line-up do not indicate that the line-up was impermissibly suggestive. Furthermore, even assuming that the Petitioner is correct that the line-up would have somehow been unduly suggestive to Ms. Carter, the

5

Magistrate Judge properly concluded that Petitioner has not shown that under the totality of the circumstances, this allegedly suggestive procedure was likely to make the eyewitness's testimony unreliable. *See Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001).

The Magistrate Judge correctly pointed out that the relevant factors all weigh strongly in favor of the eyewitness's reliability in this case (Dkt 26 at 31). *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (stating the factors that a court should consider). The Petitioner's assertions to the contrary are not persuasive. He argues that the eyewitness's testimony was not reliable because of: (1) the stress of the robbery situation, (2) the fact that the witness had to look away from the robber for several seconds during the one-and-a-half-minute encounter in order to comply with his demands, and (3) the fact that there were some inaccuracies in her recollection of Petitioner's physical characteristics (Dkt 26 at 6). However, the Magistrate Judge appropriately considered such circumstances when he made his findings on the reliability of the witness (Dkt 25 at 30-31).

Petitioner further claims that the Magistrate Judge failed to take into account the fact that his own counsel was not present at his initial line-up (Dkt 26 at 7). Petitioner argues that because the defense attorney that was present at the line-up at which Petitioner was identified was not his own defense attorney, he was denied the effective assistance of counsel according to *United States v. Wade*, 388 U.S. 218 (1967) (*id.*). This argument is without merit. The Court in *Wade* clearly indicated that while defense counsel must be present at the line-up, substitute counsel may be used where such counsel can "eliminate the hazards which render a line-up a critical stage." *Wade*, 388 U.S. at 238 n.27. Here, Petitioner provides no evidence showing that the performance of the defense attorney present at the line-up was, in any way, defective.

6

Petitioner also reiterates his argument that the trial judge erred in failing to instruct the jury on the unreliability of eyewitness testimony, and the lack of that instruction made his trial fundamentally unfair (Dkt 26 at 7-8). Petitioner further argues that, despite the Magistrate Judge's conclusion to the contrary, this error was not cured by the jury instruction that was given because that instruction pointed to the credibility rather than reliability of eyewitness testimony (*id.* at 8). This argument is without merit. The Magistrate Judge's reasoning on this issue was sound.

In his sixth objection, Petitioner objects to the Magistrate Judge's finding that there was no evidence that the prosecutor withheld a photograph. Petitioner argues that the photograph was material evidence that was not provided to defense counsel before trial (Dkt 26 at 8-9). Petitioner further argues that the prosecution's use of the photograph at trial was an impermissible photographic line-up of one person (*id.* at 9). These arguments are without merit.

The Magistrate Judge correctly concluded that the alleged omission by the prosucution, if any, would not amount to the withholding of material exculpatory evidence establishing a due process violation (Dkt 25 at 34). *See Strickler v. Greene,* 527 U.S. 263, 281-82 (1999) (holding that there must be prejudice to the accused in order for the withholding of evidence to rise to the level of a constitutional violation). Petitioner has shown no prejudice.

Petitioner's further contention that the use of the photograph at trial constituted an impermissibly suggestive line-up of one person is without merit. As the Magistrate Judge indicated, by the time the eyewitness testified at trial, she had already identified the Petitioner in the initial line-up and at the preliminary examination (Dkt 25 at 30). In any event, the Court finds the factual and legal support lacking for this argument.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review of each individual claim, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied as to each issue herein addressed.

A Final Order will be entered consistent with this Opinion.


Date: June 14, 2010               /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge